# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION, a Wyoming corporation; and DEPOSITION TECHNOLOGY LTD., a United Kingdom company and wholly owned subsidiary of Dalrada Financial Corp., <br><br>  Plaintiffs, <br><br> vs. <br><br> WILLIAM IAN MARTIN BONAR, as an individual and in his official capacity; and DOES 1–50, inclusive, <br><br>  Defendants. | Case No.: 24-cv-2166-WQH-BLM <br><br> **ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Leave to File a First Amended Complaint (ECF No. 38) filed by Plaintiffs Dalrada Financial Corporation ("DFCO") and Deposition Technology, Ltd. ("Deposition Tech.") (collectively, "Plaintiffs").

## I. PROCEDURAL BACKGROUND

    On November 19, 2024, Plaintiffs initiated this action by filing a Complaint against Defendants William Bonar ("William"), Marion Bonar ("Marion"), Ian Mackenzie ("Ian"), Samantha Mackenzie ("Samantha"), Jillian Hughes ("Jillian"), and Does 1–50. (ECF No. 1.)

    On December 30, 2024, Defendants Marion, Samantha, Ian, and Jillian (collectively, the "Specially Appearing Defendants") specially appeared to file respective Motions to

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF Nos. 6–9.) On July 16, 2025, the Court issued an Order dismissing the Specially Appearing Defendants for lack of personal jurisdiction. (ECF No. 29.)

On August 1, 2025, Defendant William filed an Answer to the Complaint. (ECF No. 36.)

On August 7, 2025, Plaintiffs filed the pending Motion for Leave to File a First Amended Complaint ("Motion to Amend"), seeking to add new allegations against Defendant William and the previously dismissed Specially Appearing Defendants. (ECF No. 38.) On September 2, 2025, Defendant William filed a Response in Opposition to Plaintiffs' Motion to Amend. (ECF No. 41.) On September 8, 2025, Plaintiffs filed a Reply. (ECF No. 42.)

## II. CONTENTIONS

Plaintiffs contend that leave to amend should be granted because "newly discovered evidence has come to light that supports the reassertion of claims against certain defendants who were previously dismissed without prejudice." (ECF No. 38 at 2.) Plaintiffs further contend that the proposed First Amended Complaint ("FAC") properly alleges personal jurisdiction over the Specially Appearing Defendants because their conduct was "funded and supported by" Plaintiff DFCO, the "California parent corporation," "via a California bank." (ECF No. 42 at 2–3.) Lastly, Plaintiffs contend that amendment will not prejudice Defendant William because "[d]iscovery has not yet begun, no trial date has been set, and the proposed amendments arise from facts Defendants have long known." (*Id.* at 3.)

Defendant William first contends that the proposed FAC attempts to "revive" the Court's dismissal of the Specially Appearing Defendants for lack of personal jurisdiction (ECF No. 29). (ECF No. 41 at 10.)[1] Defendant William argues that the proposed FAC's

---

[1] Defendant William notes that the proposed FAC strikes out allegations against Defendant Jillian but leaves her name in the case caption, so "it is not clear if [the proposed FAC] seeks to attempt to continue to include Defendant [Jillian] in this action." (ECF No. 41 at 2.) For the purpose of ruling on Plaintiffs'

allegations against the Specially Appearing Defendants "provide no basis for personal jurisdiction to overcome the Court's dismissal" because the allegations describe conduct that "occurred outside of California." (*Id.* at 7.)

Defendant William further contends that the proposed FAC's new allegations do not stem from newly discovered evidence because Plaintiffs "were aware" of the contracts, leases, and loans alleged in the proposed FAC when they filed the initial Complaint. (*Id.* at 5, 9, 10.)

Defendant William also makes several arguments challenging the merits of the proposed FAC, including that the loans made to Defendants do not constitute "personal loans" under the Sarbanes-Oxley Act, that Defendants Marion and Samantha lacked "corporate decision making" authority, and that Defendant William's Employment Agreement "is not fully executed." (*Id.* at 6–8.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides: "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). District courts consider several factors when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The

---

Motion to Amend, the Court will assume the Proposed FAC intended to add Defendant Jillian as a Defendant.

party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

Although Rule 15(a) provides a liberal standard, a district court "does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citation omitted). Denial of leave to amend is acceptable if "the amendments to the complaint will fail to cure fatally defective allegations." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)); *see also In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024) (affirming denial of leave to amend where plaintiff "ha[d] not identified . . . the specific facts that he would plead in a future complaint to remedy the previous complaint's shortcomings").

District courts in the Ninth Circuit deny leave to amend as futile when the court has previously dismissed parties for lack of personal jurisdiction and the proposed amendments do not allege new facts that would establish personal jurisdiction. *See, e.g.*, *Ocampo v. United States*, No. 3:18-cv-01012, 2023 WL 6305801, at *15 (S.D. Cal. Sept. 27, 2023); *O'Hagin's, Inc. v. UBS AG*, No. SA CV 16-0716-DOC, 2017 WL 11665635, at *9 (C.D. Cal. Feb. 9, 2017); *Johnson v. Comm'n on Presidential Debates*, No. SA CV 12-1600 FMO, 2014 WL 12597805, at *13 (C.D. Cal. Jan. 6, 2014); *but see Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (reversing denial of leave to amend where proposed amendments "contained numerous factually detailed allegations of appellees' contacts" with the forum state).

**IV.   DISCUSSION**

    **A. Allegations Against the Specially Appearing Defendants**

The proposed FAC reasserts the allegations of the initial Complaint (ECF No. 1) and adds new allegations against the Specially Appearing Defendants, whom the Court previously dismissed for lack of personal jurisdiction in its July 16 Order (ECF No. 29).

(ECF No. 38-2 at 44–46, 48, 52–58.) The Court declined to grant Plaintiffs jurisdictional discovery to establish the Specially Appearing Defendants' California contacts, finding that discovery "would not change the jurisdictional analysis" because Plaintiffs "failed to make a 'colorable showing'" of personal jurisdiction. (ECF No. 29 at 18 (citing *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)).)

Plaintiffs' proposed amendments allege that Defendant Ian leased vehicles for personal use by Defendants Marion and Samantha, using Plaintiff Deposition Tech.'s company funds. (ECF No. 38-2 at 44–45.) Plaintiffs' proposed amendments further allege that the Specially Appearing Defendants used Plaintiff Deposition Tech.'s company bank account to take out personal loans and lease a commercial building for personal use. (*Id.* at 45–46.)

As alleged in the proposed FAC, the leases and loans occurred in the United Kingdom ("UK"), and the relevant vehicles and property were located in the UK. (*See id.* at 44–46.) The proposed FAC does not allege facts showing conduct related to California, except for stating that the injured Plaintiff DFCO (Plaintiff Deposition Tech.'s parent company) "has a principal place of business in California." (*Id.* at 33.) Like in the initial Complaint, there are "no allegations that the Specially Appearing Defendants 'traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to'" California. (ECF No. 29 at 16 (quoting *Walden v. Fiore*, 571 U.S. 277, 289 (2014)).) As the Court found in its July 16 Order, "[t]he mere fact that DFCO, as the parent company of subsidiaries operating in the UK and Scotland, ultimately sustained the injuries inflicted on those subsidiaries does not create a meaningful connection between the Specially Appearing Defendants and California." (*Id.* at 17.) To establish a prima facie case of personal jurisdiction, Plaintiffs must show that the Specially Appearing Defendants themselves have independent minimum contacts with California—which the FAC fails to do. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

Because the FAC does not allege new facts that would cure the lack of personal jurisdiction identified in the July 16 Order, the Court finds that amendment of allegations against the Specially Appearing Defendants would be futile. *See Moore*, 885 F.2d at 538 ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

Accordingly, Plaintiffs' Motion to Amend (ECF No. 38) is denied with respect to allegations against the Specially Appearing Defendants.

### B. Allegations Against Defendant William

The proposed FAC contains four new allegations against Defendant William. First, it alleges that Defendant William breached his Employment Agreement because, after leaving Plaintiff Deposition Tech., he started a new company with a website that "show[s] products suspiciously similar to Plaintiffs' EVOS machines which are proprietary to Plaintiffs." (ECF No. 38-2 at 46.) Second, it alleges that Defendant William "left the company taking Plaintiff's client list with him with the intent to interfere with Plaintiffs' sales and income revenue." (*Id.* at 51.) Third, it alleges that Defendant William took Plaintiffs' "proprietary information without consent" after resigning from Plaintiff Deposition Tech. and is "now using this proprietary information to build [Plaintiffs' EVOS] machines for [his] own company." (*Id.* at 54.) Fourth, it alleges that "all Defendants" used their corporate positions to take out "personal loans from the company and vehicle leases that were neither disclosed to Plaintiffs nor approved." (*Id.* at 48.)

Defendant William contends that the proposed FAC's amendments are "futile, lack good faith, are misleading, constitute harassment and provide prejudice through increased unnecessary costs." (ECF No. 41 at 8.) To meet its burden of demonstrating prejudice, the non-movant must show that amendment "greatly alters the nature of the litigation and requires defendants to undertake, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, Defendant William provides no evidence that amendment would cause such prejudice— especially because the case is still in the early stages of discovery, with no trial date set. *See Leighton*, 833 F.3d at 188.

After considering the parties' submissions and finding that amendment would not prejudice Defendant William, the Court concludes that the remaining *Foman* factors do not warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend" the allegations against Defendant William. *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted). The Court will defer consideration of arguments on the merits of the allegations against Defendant William until after the filing of a substantive motion challenging those merits. *See Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) ("[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend."); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C–04–4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Accordingly, Plaintiffs' Motion to Amend (ECF No. 38) is granted with respect to allegations against Defendant William.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend (ECF No. 38) is denied with respect to allegations against Defendants Marion, Ian, Samantha, and Jillian (collectively, the "Specially Appearing Defendants"), and granted with respect to allegations against Defendant William. Plaintiffs may file a new proposed First Amended Complaint that removes the Specially Appearing Defendants no later than fourteen (14) days from the date this Order is filed.

Dated: September 23, 2025

Hon. William Q. Hayes
United States District Court