UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION, a Wyoming corporation; DEPOSITION TECHNOLOGY LTD., a United Kingdom company and wholly owned subsidiary of Dalrada Financial Corp., | Case No.:  24-cv-2166-BTM-BLM |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON TAKING EVIDENCE ABROAD** |
| v. | |
| WILLIAM IAN MARTIN BONAR, as an individual and in his official capacity; and DOES 1 through 50, inclusive, | **[ECF No. 67]** |
| Defendants. | |

Currently before the Court is Plaintiffs' Motion for Issuance of Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on Taking Evidence Abroad ("Motion") [ECF No. 67], and Defendant's Opposition to Plaintiffs' Motion ("Opposition") [ECF No. 70]. For the reasons set forth below, Plaintiffs' motion to issue a letter of request is GRANTED IN PART.

24-cv-2166-BTM-BLM

## I.    Factual and Procedural Background

On November 19, 2024, Plaintiffs initiated this action by filing a complaint against Defendant William Bonar and other defendants including Ian Robert Mackenzie and Samantha Mackenzie ("Compl"). ECF No. 1. On July 16, 2025, District Judge William Q. Hayes dismissed all defendants other than William Bonar for "lack of personal jurisdiction." ECF No. 29. Plaintiffs filed their First Amended Complaint on September 25, 2025 ("FAC"). ECF No. 48. In the FAC, Plaintiffs asserted thirteen causes of action, including breach of fiduciary duty, tortious interference with contractual relations, tortious interference with business relations, misappropriation of trade secrets, and conspiracy to misappropriate trade secrets. ECF No. 48. On February 12, 2026, Plaintiffs filed this instant Motion, seeking "authorization to obtain oral deposition testimony under oath from two non-party witnesses" residing in the United Kingdom, Ian Robert MacKenzie and Samantha MacKenzie, and to inspect certain documents. ECF No. 67; ECF No. 67-1, at 13, 17, 19. The Court set a briefing schedule on February 13, 2026. ECF No. 68. Defendant timely filed his Opposition. See ECF No. 70. Plaintiffs did not file a Reply. See Docket.

### A.  Plaintiffs' Motion

In their letter of request, Plaintiffs state that they seek sworn testimony from Ian Robert MacKenzie regarding the following topics:

(1) His knowledge of William Ian Martin Bonar's past and current business ventures, including but not limited to any client lists and details of products currently being sold by William Ian Martin Bonar.

(2) Communications between him and William Ian Martin Bonar regarding the Plaintiffs, the Plaintiff's products and the Plaintiff' employees when under William Ian Martin Bonar's supervision[.]

(3) His role in Wafer Fab Solutions Ltd and Semicon Solutions Ltd[.][1]

---

[1] These are allegedly Defendant's new companies registered in the United Kingdom. See Motion, at 6; Declaration of Fletcher A. Robbe in Support of Motion for Issuance of Letter of Request Pursuant to the Hague Convention ("Robbe Decl"), ECF No 67-1, at 3.

24-cv-2166-BTM-BLM

(4) The dates William Ian Martin Bonar began operations of his new companies, Wafer Fab Solutions Ltd and Semicon Solutions Ltd.

(5) His knowledge of the technology being used and sold by William Ian Martin Bonar.

ECF No. 67-1, at 17.

Plaintiffs state that they seek sworn testimony from Samantha MacKenzie regarding the following topics:

(1) Her knowledge of William Ian Martin Bonar's past and current business ventures, including but not limited to any client lists and details of products currently being sold by William Ian Martin Bonar.

(2) Communications between her and William Ian Martin Bonar regarding the Plaintiffs, the Plaintiff's products and the Plaintiffs' employees when under William Ian Martin Bonar's supervision[.]

(3) Her role in Wafer Fab Solutions Ltd and Semicon Solutions Ltd[.]

(4) The dates William Ian Martin Bonar began operations of his new companies, Wafer Fab Solutions Ltd and Semicon Solutions Ltd.

(5) Her knowledge of the technology being used and sold by William Ian Martin Bonar.

ECF No. 67-1, at 19.

Plaintiffs also request to inspect the following documents:

Any and all documentation and communications, email or otherwise, regarding IP/technology since inception of the agreements in question to present.

ECF No. 67-1, at 13.

Plaintiffs argue that the requested information is relevant and necessary because: 1) it directly relates to identifying the technology being used in Defendant's company and whether Defendant's current clients were or are Plaintiffs' clients; and 2) it shows whether Defendant now uses Plaintiffs' technology. Motion at 7. Plaintiffs state that the two witnesses were "former employees and directors of Plaintiffs' companies and worked with Defendant [] at all times

3

relevant to these proceedings," and "are now working with Defendant [] in his newly established company in the UK," and as such "possess firsthand knowledge of material events" such as technology designs, products being sold by Defendant, and "documents taken from Plaintiffs' company location in UK [including client lists and engineering schematics]." Motion at 7. Plaintiffs also allege that Ian Robert Mackenzie is now in partnership with Defendant in a new company registered in the United Kingdom, Wafer Fab Solutions, Ltd., and Plaintiffs believe and allege that Plaintiffs' technology is being used without permission or authority. Id. at 6. Plaintiffs assert without explanation or support that the information sought is not unduly burdensome. Id. at 8.

### B. Defendant's Opposition

Defendant opposes both the deposition requests and the request to obtain documents. First, with regard to the deposition requests, Defendant argues that Plaintiffs are attempting to circumvent this Court's jurisdictional ruling and obtain pre-trial discovery, which is not permitted in the United Kingdom.  Opposition at 2, 10-13.  Second, Defendant argues that all three discovery requests are overbroad and unduly burdensome and should not be permitted under federal law, the Hague Convention, or United Kingdom law.  Id. at 2, 5-7, 13-14.  Third, Defendant contends that the requested information is equally available from Defendant and therefore Plaintiff should not be allowed to seek the information from these non-parties.  Id. at 2, 7-8.  Finally, Defendant raises several additional concerns that he believes the Court should consider and that support his opposition.  Id. at 8-9, 11-13.

## II.   Legal Standard

Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory (or letters of request) that enable a litigant in the United States to obtain non-party discovery from a foreign entity. See Wadeea v. Mercedes-Benz USA, LLC, 2025 WL 2417180, at *2 (S.D. Cal. Aug. 21, 2025); Viasat, Inc. v. Space Sys./loral, Inc., 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013).  A letter rogatory is a formal written request sent by a court to a foreign court. Wadeea, 2025 WL 2417180, at *2. "The issuing court does not need jurisdiction over the party from whom discovery is sought because it cannot compel compliance with the letters rogatory. Instead, it makes a request of the foreign court, which maintains the

4

authority to enforce the letters rogatory or not." McCarthy v. Johnson, 640 F. Supp. 3d 69, 77 (D.D.C. 2022) (quoting Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 782 (S.D.N.Y. 2012)).

When determining whether to exercise its discretion to issue a letter rogatory, a court generally will not weigh the evidence sought from the discovery request, nor will it attempt to predict whether that evidence will actually be obtained. Viasat, 2013 WL 12061801, at *2; Gardner Denver, Inc. v. Accurate Air Eng'g, Inc., 2024 WL 6885484, at *2 (C.D. Cal. July 12, 2024). Rather, a court's decision whether to issue a letter rogatory requires an application of Federal Rule of Civil Procedure 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. Wadeea, 2025 WL 2417180, at *2; Viasat, 2013 WL 12061801, at *2. Routinely courts issue letters rogatory where the moving party demonstrates that the discovery sought is "consistent with the liberal discovery provisions of Rule 26." Wadeea, 2025 WL 2417180, at *3 (quoting Viasat, 2013 WL 12061801, at *3); see Walther-Meade v. Leidos, Inc., 2023 WL 3224960, at *2 (S.D. Cal. May 3, 2023); see also United States v. Van Avermaet, 2024 WL 3835320, at *1 (D.D.C. Aug. 15, 2024) ("The standard for issuance of a letter rogatory is the same as if the evidence were located in the United States.").

Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules applies equally to parties and nonparties. See Fed. R. Civ. P. 45; Wadeea, 2025 WL 2417180, at *2. Generally, the party resisting discovery carries the burden to show that "discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Mahil v. Option Care Enters., Inc., 2021 WL 2550084, at *3 (S.D. Cal. June 21, 2021); see Upper Deck Int'l B.V. v. Upper Deck Co., 2013 WL 3746086, at *2 (S.D. Cal. July 12, 2013) ("The party resisting discovery generally bears the burden to show that the discovery

24-cv-2166-BTM-BLM

requested is irrelevant to the issues in the case or is overly broad, unduly burdensome, unreasonable, or oppressive.").

In addition to determining whether the requested discovery falls within the bounds of Rule 26, courts "can also consider a five-factor comity analysis." Wadeea, 2025 WL 2417180, at *2. The five comity factors are:

1. The importance to the litigation of the of the documents or other information requested;
2. The degree of specificity of the request;
3. Whether the information originated in the United States;
4. The availability of alternative means of securing the information; and
5. The extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522, 544 n. 28 (1987).

Consideration of the comity factors is not required. See id. at 539-40 (holding that discovery using a letter of request pursuant to the Hague Convention is optional and that a district court can "order discovery under the Federal Rules of Civil Procedure"); see also Scalia v. Int'l Longshore & Warehouse Union, 337 F.R.D. 281, 288 (N.D. Cal. 2020) (refusing to analyze the comity factors and analyzing the issuance of letters rogatory solely under the Federal Rules of Civil Procedure) (citing Societe Nationale, 482 U.S. at 544); see, e.g., Omnitracs, LLC v. Platform Sci., Inc., 2023 WL 2626273, at *1 (S.D. Cal. Mar. 24, 2023) (granting a letter of request because the discovery sought was "within the scope of Rule 26(b)" without comity analysis); Upper Deck, 2013 WL 3746086, at *1 (granting a letter of request to depose and request documents from third-party witnesses without comity analysis and instead analyzing solely under Federal Rules).

## III. Discussion

### A. Depositions

The first issue is whether the requested information is authorized by Rule 26 and the Court finds that it is. Plaintiffs describe the topics they want to discuss during Ian and Samantha

24-cv-2166-BTM-BLM

MacKenzie's depositions as follows: (1) his or her knowledge of Defendant's past and current business ventures, including but not limited to any client lists and details of products currently being sold by Defendant; (2) communications between him or her and Defendant regarding the Plaintiffs, the Plaintiff's products and the Plaintiffs' employees when under Defendant's supervision; (3) his or her role in Wafer Fab Solutions Ltd. and Semicon Solutions Ltd.; (4) the dates Defendant began operations of his new companies, Wafer Fab Solutions Ltd and Semicon Solutions Ltd.; and (5) his or her knowledge of the technology being used and sold by Defendant. ECF No. 67-1, at 17, 19.  Plaintiffs provide illustrative questions for each witness.  Id. at 17-20. Plaintiffs declare that the MacKenzies "possess first-hand knowledge of material facts, including their knowledge of Defendant William Bonar's past and current business ventures, including but not limited to any client lists and details of products currently being sold by Bonar; communications between these witnesses and Defendant Bonar regarding the Plaintiffs, the Plaintiff's products and the Plaintiffs' employees when under Defendant Bonar's supervision; their role in Wafer Fab Solutions Ltd and Semicon Solutions Ltd; the dates Defendant Bonar began operations of his new companies, Wafer Fab Solutions Ltd and Semicon Solutions Ltd; and their knowledge of the technology being used and sold by Bonar." Robbe Decl, ECF No 67-1, at 2-3.

Defendant asserts that Plaintiffs' requests are overbroad but he inexplicably fails to address the deposition topics set forth in Plaintiffs' request.  See Opposition.  Rather, Defendant focuses on the "undefined or unspecified alleged trade secrets"[2] and corporate books, opines that "[t]his description [of the trade secrets] does not explain why these categories of information are important to the Plaintiffs and their business," and concludes that "one is left

---

[2] Defendant argues that "[t]o prove ownership of a trade secret, Plaintiffs must identify the trade secrets and carry the burden of showing they exist," citing a Ninth Circuit case dealing with whether there was a genuine issue of material fact in the context of granting a summary judgment motion. Opposition at 7. This argument is irrelevant to this Motion and also ignores the fact that trade secrets are at issue in only two of the thirteen alleged causes of action (Count VIII: Misappropriation of Trade Secrets and Count IX: Conspiracy to Misappropriate Trade Secrets). See FAC.

24-cv-2166-BTM-BLM

guessing as to what information Plaintiffs seek from these two individuals and whether these two foreign nationals even possess this information." Id. at 5-6. Notably, Defendant does not dispute the relevancy of the actual deposition topics set forth in Plaintiffs' request. See Opposition.

Defendant also does not address the information set forth in Mr. Robbe's declaration regarding the knowledge of the deponents with regard to the deposition topics and does not provide any evidence disputing that declaration. Id. Instead, Defendant merely surmises that "there is the issue of how each of these intended third party witnesses could even provide relevant information based on their roles with the company (e.g., Samantha Mackenzie's role with the foreign subsidiaries was that of a secretary and a financial administrator) and extent of their knowledge of Defendant Bonar's communications." Id. at 12-13. Defendant's failure to address the MacKenzies' experience and knowledge and the actual deposition topics undercuts Defendant's argument that the requests are overbroad and the proposed deponents do not have sufficient knowledge. Defendant also does not dispute the proportionality of the actual deposition topics. See Opposition.

Despite Defendant's stated concerns about the scope of the MacKenzies' knowledge and relevance of the deposition topics or questions, Defendant identified both Ian and Samantha MacKenzie as potential trial witnesses. Robbe Decl, ECF No. 67-1, at 3. Moreover, based upon the briefing presented to the Court, it is undisputed that the two witnesses possess pertinent knowledge of facts relevant to this litigation as they were former employees of Plaintiffs or entities purchased by Plaintiffs during time periods relevant to this case and Ian MacKenzie currently is in a partnership with Defendant that Plaintiffs allege uses Plaintiffs' technology. Id. at 2-3. As the party resisting discovery, Defendant fails to carry his burden to show that the MacKenzies cannot provide relevant information. See Mahil, 2021 WL 2550084, at *3; Upper Deck, 2013 WL 3746086, at *2.

The Court also finds that the deposition topics are relevant because they directly relate to the allegations made by Plaintiffs. See Scherer v. FCA US, LLC, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021) ([T]he allegations in a complaint generally dictate what evidence is

discoverable"). For example, in Count IV (Tortious Interference with Contractual Relations), Plaintiffs allege that "Defendant left the company taking Plaintiff's client list with him." FAC at 18. In Count VII (Tortious Interference with Business Relations-Harassment), Plaintiffs allege that Defendant "contact[ed] Plaintiffs business associates, board of directors, shareholders and employees in an effort to spread th[e] false information." FAC at 20.   In Count VIII (Misappropriation of Trade Secrets), Plaintiffs allege that "Defendants William, along with another former employee and director opened up another company (Wafer Fab Solutions Ltd.) in direct competition with Plaintiffs and are using Plaintiffs' proprietary information without consent," and "disclosed [Plaintiffs'] trade secrets to other parties for the purpose of misappropriation." Id. at 21. Plaintiffs also allege that Defendant "took with him all proprietary information, including but not limited to, drawings and schematics of Plaintiffs' EVOS machines" and "is now using this proprietary information to build these machines for their own company." Id. at 22.

Accordingly, the Court finds that the evidence sought through the proposed depositions is relevant and proportional as required by Rule 26, and thus grants Plaintiffs' motion for issuance of a letter of request to depose both Ian and Samantha MacKenzie.

The second issue the Court may consider is the comity factors identified by the Supreme Court in Societe Nationale, 482 U.S. at 544 n. 28.  While the Court is not required to consider these factors, the Court has and finds they also support issuing the letter of request to depose Ian and Samantha MacKenzie.  First, for the reasons set forth above, the requested information is relevant and important to this case because it directly relates to Plaintiffs' claims in its amended complaint.  Similarly, the requests are specific and not overbroad. Thus, the first and second factors weigh in favor of issuing the letter of request.

With regard to the third factor, the Court finds that the requested information likely did not originate in the United States because the MacKenzies live in the United Kingdom and the

9

new companies are in United Kingdom.[3] As such, the third factor weighs against granting the motion.

Next, Plaintiffs establish that there are no alternative means of securing the requested information. Plaintiffs declare that the witnesses are not subject to compulsory process in the United States [Robbe Decl, ¶¶ 5-6] and as noted by both parties, the Distrct Judge dismissed them from this case due to lack of personal jurisdiction.  Defendant asserts "the information can be obtained through less intrusive means, such as direct discovery from a defendant over whom the Plaintiffs allege the court already has jurisdiction" and that Defendant can "produce the documents and provide the testimony making the letters of request to Ian Rob Mackenzie and Samantha Mackenzie unnecessary".  Opposition at 7.  While the requests may be duplicative in whole or in part, Defendant apparently has not produced the desired discovery[4] and in any event, Plaintiffs have the "right to verify whether [Defendant's] information (once provided) is

_____

[3] With regard to Defendant's concern that whether the letter of request to depose the witnesses would be too "investigatory" for the UK courts to execute, the Court finds that "[s]uch a decision is best left to the judicial authorities in the [UK]." See Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 122 (S.D.N.Y. 2019), on reconsideration in part, No. 13CV07060CMKHP, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019). Even if UK courts have denied letters rogatory for depositions as too investigatory, "crafting a letter of request in compliance with the UK law is outside of the purview of this Court," and a letter of request is just a request of the foreign court, which maintains the authority to enforce the letters rogatory or not. See Lantheus Med. Imaging, 841 F. Supp. 2d at 769, 782, 795 (S.D.N.Y. 2012) ("Whether Canadian law would limit enforcement of the amended letters rogatory, in whole or in part, is a determination for the Ontario Court."). Further, Defendant's request for this Court to predict how the United Kingdom courts will rule on the discovery request contradicts existing case law, because the Court should not "attempt to predict whether that evidence will actually be obtained" when deciding whether to issue a letter rogatory. See Viasat, 2013 WL 12061801, at *2.
Regarding the hardship of the two witnesses, Defendant offers nothing more than the inconvenience faced by any witness being deposed. Defendant provides no case law from the United States holding that being dismissed as defendants constitutes a "good reason" to deny an otherwise permissible letter of request.

[4] Defendant states that "[i]f Plaintiffs can manage to specify what trade secrets are at issue with the degree of specificity required, then Defendant Bonar could be in a position to produce the documents and provide the testimony making the letters of request . . . unnecessary." Opposition at 7. Defendant also states that "Plaintiffs already have served identical requests on Defendant Bonar and which he is in the process of providing responses." Id.

accurate." <u>Walther-Meade</u>, 2023 WL 3224960, at *4–5 (citing <u>Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.</u>, 2020 WL 5900155, at *5 (C.D. Cal. Aug. 17, 2020)).  Defendant has not provided any case law supporting his argument that Plaintiffs should not be allowed to depose the witnesses if Defendant has testified on the same topic.  Accordingly, the Court finds that the fourth factor weighs in favor of granting the motion.

Finally, the parties do not discuss how the issuing nation's (United States') or the receiving nation's (United Kingdom's) interests will be affected in a manner that would weigh in favor or against issuing the requested letter of request to depose the MacKenzies.  While Defendant states that the letter of request "is intended only to target former parties to this case and works against the fair interests of both the United States and the United Kingdom," he fails to provide any facts or law that supports his statement.  Opposition at 10.  Similarly, Defendant states that "[a]llowing a U.S. court to force testimony from a UK citizen, after the U.S. court has already determined it lacks jurisdiction over them, is an overreach of authority that infringes on UK judicial sovereignty." <u>Id</u>.  Again, Defendant provides no support for this statement.   Hence, the fifth factor is neutral.

Defendant argues that the Court should consider additional factors, all of which he argues mitigate against Plaintiffs' motion.  <u>Id</u>. at 8-13.  First, Defendant asserts that Plaintiffs served their initial disclosures one day late and then failed to include the MacKenzies as third-party witnesses and that therefore the Court should sanction Plaintiffs by denying this request.  <u>Id</u>. at 8-9.  Defendant acknowledges that this is not a factor identified by any court as one that should be considered as part of a decision on a request for issuance of a letter rogatory.  <u>Id</u>.  The Court notes that Fed. R. Civ. P. Rule 37(c)(1) merely states that "the party is not allowed to use that [] witness to supply evidence on a motion, at a hearing, or at a trial," not that a Court should prohibit a party from conducting discovery.  The Court finds that this is not a factor that should be considered with regard to the pending motion and declines to consider it or impose the requested sanction.  <u>Ramirez v. Zimmerman</u>, 2019 WL 527462, at *3 (S.D. Cal. Feb. 8, 2019) (citing <u>Lanard Toys, Ltd. v. Novelty, Inc.</u>, 375 F. App'x 705, 713 (9th Cir. 2010) and <u>David v.</u>

11

_Caterpillar, Inc._, 324 F.3d 851, 857 (7th Cir. 2003)) (a court has great discretion in imposing discovery sanctions).

Second, Defendant cites _Richmark Corp. v. Timber Falling Consultants_, 959 F.2d 1468, 1475, 1477 (9th Cir. 1992), for the proposition that the following two additional factors should be considered and weigh against the motion: 1) "[t]he fact that all the information to be disclosed (and the people who will be deposed or who will produce the documents) is located in a foreign country" and 2) the likelihood of compliance by the United Kingdom courts. Opposition at 8, 10. Initially, the Court notes that the identified _Richmark_ "factors [ ] are relevant in deciding whether or not foreign statutes excuse noncompliance with discovery orders" but are not relevant to the issuance of letters of rogatory. _Richmark_, 959 F.2d at 1474-78 (analyzing whether "the order compelling discovery [and sanctioning the litigant for not complying with the discovery order] should be upheld in spite of the [Chinese] secrecy statute . . . prohibit[ing] [a litigant] from disclosing the information the district court ordered it to provide"). In addition, in deciding whether to issue a letter rogatory, a court generally should not consider whether the evidence will actually be obtained and whether the receiving country will enforce the request. _See_ _Pearlstein_, 332 F.R.D. at 122; _Lantheus Med. Imaging_, 841 F. Supp. 2d at 769, 782, 795; _Viasat_, 2013 WL 12061801, at *2. Accordingly, the Court finds that Defendant has not established that these factors are relevant to the pending motion and declines to consider them.

Since factors one, two, and four weigh in favor of issuing the letter of request to take the depositions of Ian Robert MacKenzie and Samantha MacKenzie, factor five is neutral, and factor three is against, the Court finds that the _Societe Nationale_ comity factors also support granting Plaintiffs' motion for a letter of request to depose both individuals.

**B. Request to Inspect Documents**

Plaintiffs also seek a letter of request for "[a]ny and all documentation and communications, email or otherwise, regarding IP/technology since inception of the agreements in question to present." ECF No. 67-1, at 13. Defendant argues that Plaintiffs' request for documents does not describe the documents sought with the required "reasonable particularity"

under Fed. R. Civ. P. Rule 34(b)(1)(A). Opposition at 6-7.[5]  Plaintiffs did not file a reply so they did not address this argument.  See Docket.  In addition, neither the motion nor counsel's supporting declaration addresses the scope of the document request.  See Motion; Robbe Decl, ECF No. 67-1, at 2-4.   Plaintiffs merely conclude that the requests are "narrowly tailored," "limited in scope and time," and proportional to the needs of the case."  Motion at 7; Robbe Decl, ECF No. 67-1, at 4.

Rule 34(b)(1)(A) requires a party to "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The test is whether a reasonable person would know what documents or things are called for in the request.  Baird v. Leidos, Inc., 2022 WL 17824005, at *5 (S.D. Cal. Dec. 20, 2022). "[The] discovery rules do not allow a requesting party to engage in the proverbial fishing expedition, in the hope that there might be something of relevance."  Id. (quoting Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 572 (C.D. Cal. 2012)).

The Court finds that the document request is not sufficiently particular and does not allow a reasonable person to know what documents or things are called for by the request. The request defines the relevant time frame of the requested documents as "since inception of the agreements in question to present."  Plaintiffs do not define the phrase "agreements in question."  Motion; ECF No. 67-1.  Plaintiffs also do not define the term "regarding IP/technology" and the phrase is not limited in any way to the claims and defenses at issue in this litigation.  In addition, the term "documentation and communications, email or otherwise" is not limited to individuals, companies, or technology involved in this litigation.  As such, the document request is impermissibly overbroad.

Accordingly, the Court denies the motion for issuance of a letter of request as to the request to inspect documents.

---

[5] As previously discussed, Defendant fails to address the specific document request and instead focuses on trade secret law and applicable statutes.  Opposition at 6-7.  Despite this error, the Court will consider Defendant's lack of particularity argument as it applies to Plaintiffs' actual document request.

24-cv-2166-BTM-BLM

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiffs' Motion:

1. The letter of request will be issued with the following paragraph stricken:

    ~~(11) DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED~~
    ~~Any and all documentation and communications, email or otherwise, regarding~~
    ~~IP/technology since inception of the agreements in question to present.~~

2. It shall be the responsibility of Plaintiffs to deliver the Letter of Request to the appropriate authorities in the United Kingdom.

**IT IS SO ORDERED.**

Dated:  3/12/2026

Hon. Barbara L. Major
United States Magistrate Judge

24-cv-2166-BTM-BLM