UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORP. a Wyoming corporation; DEPOSITION TECHNOLOGY LTD., a United Kingdom company and wholly owned subsidiary of Dalrada Financial Corp.,<br>Plaintiffs,<br>v.<br>WILLIAM IAN MARTIN BONAR, as an individual and in his official capacity; DOES 1-50, inclusive,<br>Defendants. | Case No.: 3:24-cv-2166-BTM-JAC<br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION TO AMEND SCHEDULING ORDER AND SETTING FOLLOW-UP STATUS CONFERENCE**<br>**[ECF No. 82]** |

On August 27, 2026, one day before the discovery deadline, Defendant filed an *ex parte* Motion to Amend Scheduling Order (the "Motion"). ECF No. 82. In his Motion, Defendant laid out a series of discovery disputes between Plaintiffs and Defendant over the span of several months, some dating as far back as November 28, 2025. *See id.* at 3-5. This Motion is the first time Defendant has notified the Court of these long-running discovery issues.

Under Federal Rule of Civil Procedure 16(b)(4), a "pretrial scheduling order "can only be modified upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302, F.3d

1080, 1087 (9th Cir. 2002) (citation and internal quotations omitted). "Under Rule 16's 'good cause' standard, the district court may modify the pretrial schedule if it cannot reasonably be met *despite the diligence* of the party seeking the extension.'" *Mat Van Inc., v. Sheldon Good & Co. Auctions, LLC*, No. 07-cv-912-IEG (BLM), 2009 WL 35470, at *2 (S.D. Cal. Jan. 5, 2009) (quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)) (emphasis added). A court looks to how the moving party has pursued the action to determine diligence. *See, e.g.*, *Ingram Micro, Inc. v. AIT Worldwide Logistics, Inc. et al*, No. 3:23-cv-2079-W-VET, ECF No. 17, at 2. (S.D. Cal. Oct 31, 2024) (collecting cases to show that "the required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed.") "If [the moving] party was not diligent, the inquiry should end." *Branch Banking and Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609). Further, Civil Local Rule 16.1(b) requires counsel to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b).

The scheduling order was issued back on September 19, 2025. ECF No. 46. In it, the parties were instructed that "[a]ll discovery motions must be filed ***within 30 days*** of the service of an objection, answer or response which becomes the subject of the dispute or the passage of a discovery due date without response or production" and that the parties were to follow the Court's procedures laid out in Magistrate Judge Barbara L. Major's Civil Chambers Rules. *Id.* at 2 (emphasis added). Additionally, Magistrate Judge Janet A. Cabral's Chambers Rules require the parties to reach out to chambers "**within 45 days** of the event giving rise to the dispute." J. Cabral Chambers Rules., § III(D) (Apr. 28, 2026), https://www.casd.uscourts.gov/Judges/cabral/docs/Chambers%20Rules.pdf. Judge Cabral's chambers were not made aware of any discovery dispute until Defendant's counsel called chambers on August 27, 2026, the day before fact discovery closed, seeking instruction on filing the Motion now before the Court. Thus, Defendant failed to comply with either procedures laid out in the scheduling order or in Judge Cabral's Chambers Rules.

Given the lack of timeliness in raising these discovery disputes, the Court does not find that Defendant has been diligent. While Defendant may have represented to this Court that Plaintiff's lack of diligence is where the fault lies, Defendant was still required to inform the Court of these discovery disputes to preserve the ability to raise these issues. ECF No. 46, at 2 ("A failure to comply . . . [with this scheduling order's procedures] will result in a waiver of a party's discovery issue.") In other words, one party's lack of diligence does not excuse the other from practicing diligence themselves. As such, the Court **DENIES** the Defendant's Motion **without prejudice**.

The Court also hereby **SETS** a follow-up status conference for **September 15, 2026**, at **9:00 am,** Pacific Standard Time, via videoconference. Videoconference information to follow this order.

**IT IS SO ORDERED**.

Dated: September 9, 2026

Hon. Janet A. Cabral
United States Magistrate Judge