UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALRADA FINANCIAL CORPORATION, a Wyoming corporation; DEPOSITION TECHNOLOGY LTD., a United Kingdom company and wholly owned subsidiary of Dalrada Financial Corp.,

Plaintiffs,

v.

WILLIAM IAN MARTIN BONAR, as an individual and in his official capacity; DOES 1 through 50, inclusive,

Defendants.

Case No.: 3:24-cv-2166-BTM-JAC

**ORDER DENYING DEFENDANT WILLIAM IAN MARTIN BONAR'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS**

**[ECF. No. 88]**

Currently before the Court is Defendant William Ian Martin Bonar's ("Defendant") Motion to Compel Discovery ("Mot.") from Plaintiffs Dalrada Financial Corporation and Deposition Technology Limited ("Plaintiffs"). ECF No. 88. Defendant seeks the following: (a) production of Plaintiff's privilege log; (b) production of a Human Resource Investigation Report prepared by Plaintiffs' outside counsel; (c) production of Plaintiffs' damages computations for each of their causes of action; (d) production of written responses to Defendant's Second Set of Requests for Production ("RFP") 38-62, and

production of responsive documents to RFPs 52-54 and 57-62; (e) production of documents and responses to Defendant's third party document subpoena; (f) verification of Plaintiffs' responses to Defendant's First Set of Interrogatory Responses; (g) amendments to Plaintiffs' Interrogatory Responses 8, 10-18, and 20 to Defendant's First Set of Interrogatories; (h) remediation of 7,475 files Plaintiff produced that are password protected or corrupted; and (i) monetary sanctions and attorney's fees. *See* Mot., Exhibit ("Exh.") H, at 2-4. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. PROCEDURAL BACKGROUD

At bottom, this order hinges on the parties' obligations under both this District's Civil Local Rules and the operative Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Scheduling Order"), ECF No. 46, and the Defendant's failures to comply with them. Thus, the Court will only outline the procedural background relevant to the Scheduling Order and what the parties have done to comply with that order.

On September 19, 2025, the Court filed its Scheduling Order. ECF No. 46. The Scheduling Order stated that "[a]ll fact discovery must be completed by all parties by August 28, 2026." ECF No. 46, at 2. For almost the next calendar year, the parties proceeded with discovery, filing joint motions for protective orders and electronic discovery protocol. ECF Nos. 49, 51, 52, 56, 57, 60.

On August 27, 2026, Defendant's counsel contacted Magistrate Judge Janet A. Cabral's chambers, seeking to file an *ex parte* Motion to Amend Scheduling Order (the "*ex parte*"). ECF No. 82. The *ex parte*—filed one day before the fact discovery deadline—sought to extend the fact discovery cutoff "by an additional six months." ECF No. 82, at 6. In support of the requested extension, Defendant outlined a series of lengthy, ongoing discovery disputes dating back to Defendant's RFPs served on Plaintiffs on November 28, 2025. *See id.*, at 3-5. Aside from a "discovery conference call with [Judge Major's] court clerk Fang Bu on April 1, 2026[,]"[1] Defendant made no additional efforts to inform the

---

[1] Defendant asserts that during this discovery conference call with Judge Major's law clerk, "Plaintiffs'

Court of these discovery disputes prior to the filing of this *ex parte*. *Id.*, at 3.

Following the filing of the *ex parte*, the Court set a remote Discovery Conference on September 2, 2026, at 1:30 pm. ECF No. 83. At the Discovery Conference, the Court ordered the parties to meet and confer by September 4, 2026, regarding any outstanding discovery disputes and that if the parties wanted to bring any discovery disputes to the Court's attention, they must do so by September 4, 2026, in a manner that complies with Judge Cabral's Chambers Rules. ECF No. 86. The Court set an additional Status Conference for September 8, 2026, at 10:00 am. *Id.* However, due to confusion surrounding when the Status Conference was being held, Defendant's counsel did not appear for the September 8, 2026, Status Conference. *See* ECF No. 87. Shortly after contacting chambers to discuss the confusion and absence, Defendant filed this present Motion. ECF No. 88. By order filed on September 9, 2026, the Court denied without prejudice Defendant's *ex parte* request for a six-month extension of all dates in the case. ECF No. 89. This current motion remains.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). However, "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." S.D. Cal. Civ. L.R. 26.1(a). Motions to compel discovery "are referred to the magistrate judge assigned to the case[,]" and this Court's Chambers Rules require counsel to raise any and all discovery disputes "within 45 days of the event giving rise to the dispute." Janet A. Cabral Civ. Chambers R. § III(D) (S.D. Cal. Apr. 28, 2026).[2] "Parties seeking to compel discovery

---

counsel assured the court [that] the issues raised on February 13, 2026 and subsequent meet and confer meetings would be addressed within 30 days of the discovery conference call." ECF 82, at 3. Even so, as discussed further below, Defendant took no action to bring this discovery dispute to the Court's attention prior to the August 27, 2026 *ex parte*.

[2] As noted in the Order denying Defendant's *ex parte* application and further explained below, the

must do so in a timely manner." *Greer v. County of San Diego*, No. 19-cv-378-JO-DEB, 2022 WL 16951840, at *2 (S.D. Cal. Nov. 15, 2022) (collecting cases to show that motions to compel are denied if they are not timely filed.)

## III. <u>DISCUSSION</u>

Defendant failed to comply with the meet and confer requirements laid out in this District's Civil Local Rules and the Court's Order on September 2, 2026. Additionally, Defendant's motion is untimely pursuant to the Scheduling Order and under the Court's Chambers Rules.

### A. <u>Defendant's Failure to Comply with Civil Local Rule's Meet and Confer Requirements</u>

In his Motion to Compel, Defendant states that "[t]he Court gave leave for Defendant to file a motion to compel on September 2, 2026." Mot., at 27. That is incorrect. Instead, on September 2, 2026, the Court ordered the parties "to meet and confer by September 4, 2026," and the Court set a follow-up status conference on September 8, 2026. ECF No. 86. Additionally, Defendant states that Plaintiffs' counsel showed a "willingness to satisfy most of the [discovery] issues raised in this motion." Mot., at 27. This appears to understate the status of the disputed discovery. Although not provided as an exhibit to the current motion, in preparation for the September 8, 2026, discovery status conference defense counsel, on September 4, 2026, sent the Court an email summarizing the parties' meet and confer discussion from that date and outlining the outstanding discovery issues. In that email, defense counsel represented that Plaintiff's counsel agreed to provide amended responses and additional discovery on September 9, 11 and 16, 2026, and that Defendant's counsel agreed to those dates.

Civil Local Rule 26.1 reads, "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred

---

Scheduling Order itself required that discovery motions "be filed within 30 days of the service of an objection, answer or response which becomes the subject of the dispute or the passage of a discovery due date without response or production." ECF No. 46, at 2.

concerning all *disputed* issues." S.D. Cal. Civ. L.R. 26.1(a) (emphasis added).

A court may deny a motion to compel because of a party's failure to comply with meet and confer requirements. *See Access Biomedical Diagnostics Labs, Inc. v. American State Ins.*, No. 04-CV-1979 LAB (CAB), 2006 WL 8455247, at *1 (S.D. Cal. Jan 6, 2006) (denying Defendants' motion to compel "for failure to comply with the meet and confer requirement" outlined under the Local Rules and the Federal Rules of Civil Procedure); *see also Hendon v. California State Senate*, No. 21-cv-505-RSH-MDD, 2023 WL 2620147, at *6 (S.D. Cal. Mar. 23, 2023) ("The failure to comply with the requirement to meet and confer in good faith may by itself be grounds for denial of a motion to compel." (citing *Robinson v. Potter*, 453, 990, 995 (8th Cir. 2006)).

Further, the language of Local Rule 26.1 is clear—the discovery issues must actually be in dispute. S.D. Cal. Civ. L.R. 26.1(a). Courts are not in the habit of granting motions to compel for presently undisputed, yet possibly anticipated, discovery issues. *See Rohwer v. Warner Bros. Discover, Inc.*, No. 2:25-cv-1284-RSL, 2025 WL 3628626, at *1 (W.D. Wash. Dec. 15, 2025) ("Discovery motions – whether to compel production or for a protective order – presuppose the existence of a dispute."); *see also Farvela v. Dzurenda*, No. 2:23-cv-1666-RFB-MDC, 2025 WL 2806710, at *2 (D. Nev. Oct. 1, 2025) (A party "should not file a motion to compel if [the other party] agree[s] to produce the evidence requested and the parties have no discovery dispute."); *see also Access Biomedical Diagnostics Labs, Inc.*, 2006 WL 8455247, at *1 (finding Defendant's motion to compel "was filed prematurely," and denying recovery of Defendant's attorney's fees and costs based on this prematurity.) Yet, according to Defendant's own representations, Plaintiffs agreed to satisfy most of the outstanding discovery issues. Mot., at 27. As there are no current discovery disputes, Defendant's Motion to Compel is **DENIED**.

### B. Timing of Defendant's Motion

While Defendant's failure to meet and confer are sufficient grounds for denial, the Court will also evaluate the untimeliness of Defendant's Motion. In its current motion, Defendant presents no argument to this Court as to why these issues should be considered

to have been timely raised. *See* ECF No. 88.

In Defendant's *ex parte*, Defendant provided dates in which Defendant served his various discovery requests as well as the dates when Plaintiffs either allegedly failed to respond or responded insufficiently. Mot. to Amend, at 3-5. The discovery disputes identified by Defendant as well as Plaintiffs' response dates include, but are not limited to:

a. On November 28, 2025, Defendant served his First Set of RFPs (Nos. 1-37). Plaintiff served responses on January 21, 2026;

b. On February 13, 2026, Defendant served his First Set of Interrogatories (Nos. 1-23). On July 1, 2026, Plaintiffs provide non-verified interrogatory responses;

c. On February 13, 2026, Defendant served his Second Set of RFPS (Nos. 38-62). Plaintiffs failed to provide any responsive documents;

d. On April 25, 2026, Defendant served a Document Subpoena on third party Kyle Temple McCollum.[3] Plaintiffs failed to respond or provide documents despite Defendant's attempts to meet and confer on the issue.

*Id.* at 3-5. Additionally, Defendant asserts that a discovery conference call took place on April 1, 2026, between Judge Major's clerk, Plaintiffs' counsel and Defense counsel wherein Plaintiffs' counsel assured the Court that all discovery issues previously raised "would be addressed within 30 days of the discovery conference call." *Id.* at 4. However, according to Defendant, Plaintiffs either "failed to provide" any responses and responsive documents or found Plaintiffs' responses did not address the "discovery issues raised at the April 1, 2026 discovery conference call . . . ." *Id.* But Defendant provides no explanation why this issue was not thereafter brought to the Court's attention until the day before discovery closed.

The Scheduling Order—issued back in September 2025—instructed the parties how

---

[3] Defendant represents that Mr. McCollum is represented by Plaintiffs' counsel. Nonetheless, Defendant cites no authority for the proposition that the Court can enforce this subpoena.

to handle discovery disputes:

> Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

ECF No. 46, at 2. This Court's own Chambers Rules provides parties 45 days to raise discovery disputes. By the most generous metric,[4] Defendant's deadline by which to bring their *latest* discovery dispute (July 1, 2026, i.e., Plaintiffs serving non-verified interrogatories) would have been August 15, 2026. The purpose of the rules governing timely raising discovery issues is to make sure discovery can be completed prior to the cut-off date set by the Court. Defendant, by waiting until August 27, 2026, to raise discovery issues with the Court, has effectively frustrated that purpose.

The Scheduling Order was issued nearly a year ago. *See* ECF No. 46. The Parties were given almost a year to conduct discovery and were instructed on how and when to bring discovery disputes to the Court's attention. The Scheduling Order also advised the parties of the consequences for failing to timely raise discovery disputes. Instead, Defendant filed its *ex parte* alerting the Court of outstanding discovery disputes the day before fact discovery closed, ECF No. 82, and now brings this Motion after fact discovery

---

[4] For illustrative purposes, the Court is using the 45-day timeframe laid out in the Chambers Rules of the Hon. Janet A. Cabral, United States Magistrate Judge. *See* § III(C)-(D). However, the actual, controlling timeframe set by the Scheduling Order gave Defendant 30 days to alert the Court of discovery disputes. ECF No. 46, at 2. Defendant's Motion is untimely under either measure.

has in fact closed. ECF No. 88. Courts have routinely found that a party's untimely filing of a motion or raising a dispute waives those issues. *See FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15cv1879-BEN (BLM), 2017 WL 951037, at *5 (S.D. Cal. Mar. 9, 2017) (finding that Defendant's untimely motion to compel "waived the discovery . . . it now seeks to compel."); *see also Greer*, 2022 WL 16951840, at *2 (denying a party's motion to compel on the grounds that it was untimely because the party "raised his challenges . . . more than five months after" the dispute arose.) *see also CUEBIQ Group, LLC v. Paedae Inc., dba Gimbal and operating as Infillion, Gimbal, Inc.*, No. 25-cv-2255-JAH-DEB, 2026 WL 2390745, at *2 (S.D. Cal. Aug. 17, 2026) (denying Defendants' motion to compel because Defendants did not raise their discovery challenges with the Court "within thirty days" as was required by the Court's chambers rules and scheduling order.) Regardless of the truth of Plaintiffs' alleged discovery abuses, a party cannot sit on their hands regarding discovery disputes to only then jump up the courthouse steps before the bell tolls. Due to the untimeliness of Defendant's motion, the Court **DENIES** Defendant's Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons, Defendant William Ian Martin Bonar's Motion to Compel Discovery from Plaintiffs is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 11, 2026

Hon. Janet A. Cabral
United States Magistrate Judge